UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOMMIE SLACK,<br><br>        Plaintiff,<br><br>    v.<br><br>BRYAN O'FAIROLL, et al.,<br><br>        Defendant. | CASE NO. C11-2185MJP-JPD<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |

This matter comes before the Court on Plaintiff Tommy Slack's Objections to the Report and Recommendation prepared by Magistrate Judge Donohue and his contemporaneously filed motion to appoint counsel. Having reviewed the Report and Recommendation (Dkt. No. 47), Plaintiff's Objections (Dkt. No. 49), Defendants' response (Dkt. No. 51), Plaintiff's reply (Dkt. No. 52), and all related filings, the Court ADOPTS the Report and Recommendation and DISMISSES this action with prejudice. Having reviewed Plaintiff's motion for the appointment of counsel (Dkt. No. 50), the Court also DENIES that motion.

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING
PLAINTIFF'S MOTION TO APPOINT COUNSEL-
1

**Background**

Plaintiff Tommy Slack is a Washington State prisoner who is currently incarcerated at the Coyote Ridge Corrections Center in Connell, Wash. (Dkt. No. 53.) He brings this civil rights action under 42 U.S.C. § 1983, alleging violations of his constitutional rights during the course of his confinement in 2011 at the Maleng Regional Justice Center ("MRJC") in Kent, Wash. (Dkt. No. 47 at 1.) Specifically, Slack alleges that Defendants, four prison officials, failed to follow prison policies requiring them to grant "pro se status" to inmates pursuing claims in court. (Id. at 2-4.) "Pro se status" allows inmates priority access to the legal workstation as well as various supplies to help them pursue their cases. (Id. at 2.)

In his Report and Recommendation, Magistrate Judge Donohue recommends granting Defendants' motion for summary judgment because, even if Plaintiff's allegations are true, he fails to show that the alleged shortcomings in the prison's legal access scheme hindered his ability to pursue a non-frivolous legal claim. (Id. at 47.) Plaintiff was denied pro se status at the MRJC for a period of 49 days between October 25 and December 12, 2011. (Id. at 4.) During this time, Plaintiff was pursuing a case in this Court, which alleged that a Tukwila police officer made a false report against him and that he was being falsely imprisoned as a result. (Case No. C11-1705JCC-MAT, Dkt. No. 1.)

On December 13, 2011, while Magistrate Judge Theiler was considering a number of Plaintiff's filings in Case No. C11-1705JCC-MAT, Plaintiff filed a motion seeking to dismiss his action without prejudice so he could re-file it at a later date. (C11-1705JCC-MAT, Dkt. No. 17.) Plaintiff reiterated his request in a later dated January 9, 2012. (Id., Dkt. No. 19.) On February 6, 2012, Magistrate Judge Theiler issued a Report and Recommendation recommending that the case be terminated, without prejudice, pursuant to Plaintiff's request. (Id., Dkt. No. 22.)

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING
PLAINTIFF'S MOTION TO APPOINT COUNSEL-
2

Magistrate Judge Donohue concluded that Plaintiff's ability to pursue his legal claims was not hindered because Plaintiff "had ample opportunity to rescind his request for voluntary dismissal after he was granted pro se status, but he did not do so." (Dkt. No. 47 at 7-8.)

Plaintiff filed 27 pages of Objections, largely reiterating his claims that Defendants violated his Constitutional rights. (Dkt. No. 49.) At no point did Plaintiff directly address Magistrate Judge Donohue's central point: even if Plaintiff's allegations regarding access are true, his ability to pursue his legal claims was not hindered. (Id.) Defendants filed a response to Plaintiff's objections, asking the Court to strike Plaintiff's Objections as over the 12-page limit outlined in LCR 72 and also asking the Court to dismiss Plaintiff's complaint on various grounds. (Dkt. No. 51.) Plaintiff filed a reply to Defendants' response, stating that "[D]efendants only gave Plaintiff twelve hours in the Legal Computer Workstation after he had achieved pro se status for 49 days prior," and explaining that "12 hours was not enough research time for a inmate with no legal knowledge to prevent a very serious issue from being dismissed." (Dkt. No. 52 at 4.) Plaintiff also filed a separate motion for the appointment of counsel. (Dkt. No. 50.)

**Discussion**

A. Legal Standard

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Genuine dispute are those for which the evidence is such that a "reasonable jury could return a verdict for the nonmoving party." Id.

Inmates have a Constitutional right of meaningful access to the courts, premised on the Due Process Clause. Bounds v. Smith, 430 U.S. 817, 821 (1977). However, to adequately allege

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING
PLAINTIFF'S MOTION TO APPOINT COUNSEL-
3

1 | a cause of action for deprivation of the right of access to the courts, an inmate must demonstrate
2 | that he suffered some actual injury to his right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S.
3 | 343, 354-55 (1996). In order to establish a <u>Bounds</u> violation, an inmate must demonstrate that the
4 | alleged shortcomings in the prison's legal access scheme have hindered, or were hindering, his
5 | ability to pursue a non-frivolous legal claim. <u>Id.</u>

    B. <u>Access to the Courts</u>

Plaintiff's claim under 42 U.S.C. § 1983 fails because he cannot show that he suffered any actual injury to his right of access to the courts. (Dkt. No. 47 at 7.) Plaintiff was granted pro se status on December 12, 2011. (<u>Id.</u>) He asked Magistrate Judge Theiler to dismiss his case without prejudice on December 13, 2001, and again on January 9, 2012. (<u>Id.</u> at 4.) As Magistrate Judge Donohue points out, "he had ample opportunity to rescind his request for voluntary dismissal after he was granted pro se status, but he did not do so." (Id. at 7-8.) And, while Plaintiff asserts that, after being granted pro se status, he was given only 12 hours of computer access for the rest of December, this is more than enough time to have filed a motion rescinding his request for voluntary dismissal. (Dkt. No. 52 at 4.) Because Plaintiff cannot show that Defendants' denial of pro se status hindered his ability to pursue a non-frivolous legal claim, his § 1983 action is dismissed with prejudice. <u>See</u> <u>Lewis</u>, 518 U.S. at 354-55.

    C. <u>Equal Protection</u>

Plaintiff also fails to establish a claim under 42 U.S.C. § 1983 for violation of the Equal Protection Clause. In order to establish an equal protection claim under § 1983, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon his membership in a protected class. <u>See</u> <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998). In his objections, Plaintiff asserts that Defendants discriminated against him "based on what type of law suit is filed." (Dkt. No. 49 at 21.) But people who file civil suits are

not a protected class. See Washington v. Davis, 426 U.S. 229, 239-40 (1976). Lastly, Plaintiff fails to make any objections to Magistrate Judge Donohue's conclusion that he failed to allege any violation of the Eighth Amendment's prohibition of cruel and unusual punishment. (Dkt. No. 47 at 8-9.) Because there is no genuine issue of material fact on Plaintiff's civil rights claims, Defendants' motion for summary judgment is granted and Plaintiff's § 1983 action is dismissed with prejudice.

D. Defendants' Motion to Strike

Defendants' motion to strike Plaintiff's Objections is both unnecessary and misguided. (Dkt. No. 52.) First, as explained above, Plaintiff's failure to object to Magistrate Judge Donohue's central conclusion about the lack of any injury rendered Defendants' motion to strike superfluous. Second, and more importantly, a document filed pro se is to be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007), As the Supreme Court explained, pro se filings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. Although LCR 72 states that "objections to a magistrate judge's order . . . . shall not exceed twelve pages," this does not require the Court to apply the same restrictions to handwritten documents filed by pro se prisoners. W.D. Wash., LCR 72. Defendants' motion to strike is denied.

E. Plaintiff's Motion to Appoint Counsel

Lastly, Plaintiff's motion to appoint counsel is denied because Plaintiff fails to show the existence of exceptional circumstances. As the Ninth Circuit has explained, courts should appoint counsel under 28 U.S.C. § 1915 only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (citations

1  omitted). Here, as explained above, Petitioner does not succeed on the merits, and providing

2  legal counsel cannot change the central facts of his case. (Dkt. No. 47 at 7-8.) Additionally,

3  Petitioner did not file his motion to appoint counsel until after he filed his Objections. (Dkt. No.

4  50.) There is little use of appointing counsel at this late stage. Because exceptional circumstances

5  do not exist, the Court denies Plaintiff's motion to appoint counsel.

**Conclusion**

Because Plaintiff fails to establish that he suffered an actual injury to his right of access to the courts, the Court ADOPTS the Report and Recommendation and DISMISSES this matter with prejudice. Because Plaintiff fails to establish that exceptional circumstances are present, the Court DENIES Plaintiff's motion to appoint counsel.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 13th day of March, 2013.

_____
Marsha J. Pechman
United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING
PLAINTIFF'S MOTION TO APPOINT COUNSEL-
6